The opinion of the Court was delivered by
JohNston, Ch.
There is no mistaking the ground upon which the decree is founded. The bill is framed with the sole object of subjecting the negroes, which were brought into this State in 1848, to the lien of the plaintiff’s execution against Joseph E. Cole. The plaintiff had obtained his judgment against his debtor, and had lodged his execution ; hut, pending the suit, the property had been removed to Alabama, and there was nothing within the jurisdiction out of which the money could be made. When the property was brought back, in 1848, for the first time the lien of the execution attached upon it, if it was Joseph E. Cole’s property; but, as the execution had lost its active energy, and the property was liable to be eloigned, *341 it was necessary for the plaintiff to come here, to prevent its removal, until he could renew its execution according to the statute of 1827.
This is the whole case upon which the decree is founded ; and it would be a very simple one, if the debtor had never alienated the property. Independently of that circumstance, there could be no doubt the Court would be bound to lend its aid for the preservation of the property, to answer to the execution.
The property, however, had been alienated ; but the alienation was ineffectual, inasmuch as it was made by way of post-nuptial settlement, and the instrument had not been duly registered. It was void against the creditor, for want of registration. This point being decided, the plaintiff was entitled to his decree, as if no such settlement had been made.
It was not necessary to inquire whether the plaintiff was barred of his remedy, to set the conveyance aside: because, in fact, he needed no such remedy. Nor did the bill seek to set the instrument aside. All that is said in the decree upon that subject, and upon the subject of the parties necessary to such a proceeding, and the operation of the statute, as affecting that remedy, is merely speculative; and intended to meet arguments made at the hearing; the counsel having supposed that, in addition to the remedy which his bill specifically prays, he might have been entitled, under the general prayer, to have the deed set aside and cancelled.
We are satisfied that the decree is right, in aiding the plaintiff to the lien of his execution; which is the only point decided: and it is ordered that the decree be affirmed, and the appeal dismissed.
DunkiN, Dargan and Wardlaw, CC., concurred.

Decree affirmed.